IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-CR-216 |
| | ) | |
| PABLO MARIN LLANOS MARTINEZ, | ) | Hon. Claude M. Hilton |
| | ) | |
| | ) | Trial: July 2, 2018 |
| Defendant. | ) | |

## MOTION TO DISMISS INDICTMENT AND CONTINUE EVIDENTIARY HEARING

Although it knew every fact it now alleges to indict Pablo Llanos Martinez for unlawful procurement of naturalization, the government waited fully 9.5 years to bring this charge to court. Mr. Llanos Martinez has been prejudiced in his ability to defend himself in multiple ways as a result of this unjustified 9.5-year delay. First, at least two witnesses to his state of mind at the time he filled out the relevant paperwork—relevant to whether his actions were intentional—are not available to testify: one has passed away, and the other, it appears, has no specific memory of Mr. Llanos Martinez. Second, records relating to whether any omission on the Form N-445 Mr. Llanos Martinez completed was material to the United States Citizenship and Immigration Services ("CIS") appear now to have been lost or destroyed as a result of the passage of time. The prejudice in this case is all the more severe because it is not simply Mr. Llanos Martinez's liberty on the line; rather, if convicted he will be stripped of his United States citizenship.

Because of this actual prejudice and because the government has no investigative justification for the 9.5 years it waited to bring this charge, the Court should dismiss the indictment for prejudicial pre-indictment delay in violation of Mr. Llanos Martinez's Fifth Amendment due process rights. *See United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985) (citing *United States v. Lovasco*, 431 U.S. 783, 796 (1977)).

As discovery is ongoing in this case, in which the government is not required to respond to defense counsel's requests until June 25, 2018, the defense also asks that the Court continue the hearing on this motion until Friday, June 29, 2018, so that a full showing can be made by the defense in an evidentiary hearing.[1]

## ARGUMENT

In the Fourth Circuit, prevailing on a motion to dismiss for pre-indictment delay requires the defendant to show "actual prejudice" from that delay in presenting a defense, which is a heavy burden. *Jones v. Angelone*, 94 F.3d 900, 907-08 (4th Cir. 1996). If the defendant makes this threshold showing, then the court is to balance the prejudice to the defendant against the government's justification for the delay to determine whether the substantial delay "violates 'fundamental conceptions of justice' or the 'community's sense of fair play and decency.'" *Automated Med. Labs.*,

---

[1] The extent of actual prejudice to Mr. Llanos Martinez depends on the defense's investigation and the government's discovery productions, neither of which are complete. However the defense files this motion on the motions due date to preserve its arguments out of an abundance of caution. If further discovery and investigation cause the defense to reconsider the relief sought in the motion, undersigned counsel will inform the Court.

770 F.2d at 404 (quoting *Lovasco*, 431 U.S. at 790). Both prongs of the test are met in this case.

I.  MR. LLANOS MARTINEZ HAS SUFFERED ACTUAL PREJUDICE FROM THE GOVERNMENT'S UNJUSTIFIED 9.5-YEAR DELAY IN BRINGING THE INDICTMENT

To prove a violation of 18 U.S.C. § 1425(a) predicated on a false statement, the government must show, in part, (1) that the defendant intentionally made the alleged false statement, and (2) that the alleged false statement was material to the government's decision to grant citizenship. *See Maslenjak v. United States*, 137 S.Ct. 1918, 1923 (2017); *see also* Indictment, D.E. 19, ¶ 14. The government's unjustified delay in bringing this case has undermined Mr. Llanos Martinez's ability to defend against both of those showings.

### A. Mr. Llanos Martinez Has Lost Access To Witnesses Who Could Support A Mens Rea Defense

This case turns, in part, on Mr. Llanos Martinez's mental state when he filled out a form, the N-445, on the day of his naturalization ceremony, November 20, 2008. Therefore, rebutting that allegation entails showing or corroborating the circumstances under which he completed the form. Testimony from witnesses who interacted with Mr. Llanos Martinez that day, were present when he completed the form, or assisted him in completing the form would be critical to this defense.

The defense has identified at least two individuals who assisted Mr. Llanos Martinez in filling out paperwork at the November 20, 2008 hearing: CIS officials Barbara Easterly and Taeho Jinn. Barbara Easterly was witness to Mr. Llanos Martinez's signature on another form filled out just prior to the November 20, 2008

ceremony. However, we regret to have learned that she recently passed away. The government also has recently identified Mr. Jinn, who still works at CIS. However, the government has stated that it is unsure if he would be available to speak to defense counsel to determine if he has any specific recollection of the event. And, although the defense has specifically asked the government to identify any and all other government personnel who were present at the ceremony, the government has indicated that it has not conducted such a comprehensive search. Instead, the government has indicated that it is relying on Mr. Jinn's memory, which is that it was just him and Ms. Easterly. The parties are still conferring on this point, and the defense is exhausting all other avenues to attempt to discover additional witnesses who might be available for trial.

With or without the government's help, even if the defense is able to identify other individuals who were present at the November 20, 2008 swearing in, the likelihood of those individuals remembering any details from that particular ceremony is extremely low given the near decade that has passed. Mr. Llanos Martinez's mens rea defense will be materially harmed by the unavailability of third-party witnesses available to corroborate the circumstances under which he completed his paperwork on November 20, 2008. Of course, the presence of corroborating third-party witnesses would bolster substantially the defense's ability to rebut the government's charge.

On the flip side, the unavailability of corroborating witnesses will help the government. Moreover, the result of the lack of corroborating witnesses impugns Mr.

Llanos Martinez's Fifth Amendment right to remain silent because he may now be the sole source of the requisite mens rea evidence. The government should not be allowed to obtain such a tactical advantage at trial simply because it delayed for 9.5 years for no apparent reason.

### B. Evidence To Rebut Materiality Has Been Lost Or Destroyed

The government also must prove that the alleged false statement on the Form N-445 would have been material. Critical to rebutting the government's charge will be testing the extent to which the government actually did consider the Form N-445 at swearing-in ceremonies, as well as the extent to which the government already knew about Mr. Llanos Martinez's alleged arrest.

The defense has requested evidence relevant to materiality from the government, and discovery remains pending. The defense is also in the process of attempting to locate records from other sources to develop evidence to prove this fact. However, given that many of the entities that would have these records do not retain records for 9-plus years, the defense expects to learn that at least some evidence has been lost or destroyed. Thus, at this time and pending the resolution of discovery, the defense may well be left without the ability to rebut the government's materiality showing as effectively as it could have had the government timely charged this case.

## II. THE GOVERNMENT HAS NO JUSTIFICATION FOR A 9.5-YEAR DELAY

A threshold showing of actual prejudice is balanced against the government's justification for delay. Here, the government alleges *no additional* facts in its indictment beyond those the Department of Homeland Security would (or could) have had on or about November 20, 2008. Accordingly, it is difficult to imagine what

5

justification the government could have for the substantial 9.5-year delay in this case. *See United States v. Lopez*, 860 F.3d 201, 213 (4th Cir. 2017) (analyzing pre-indictment delay based on investigative delay, in that case, on conducting DNA testing); *see also Automated Med. Labs.*, 770 F.2d at 404 (analyzing pre-indictment delay including investigation delay). Whatever justification the government offers, it surely cannot be an "investigative" delay. *See Lovasco*, 431 U.S. at 796 (no due process violation when delay is caused by good faith continuing investigation).

While the defense is not contending that the delay in this case was due to bad faith by the government, such a showing is not required in the Fourth Circuit. Unlike a more complex or complicated case, which might turn on identifying new evidence or new witnesses or securing plea bargains or obtaining DNA matches, this case rests on an indictment in which not one additional fact is alleged that was not known by the government 9.5 years ago. When there is no investigative explanation for the government's almost decade-long delay, the balance of that against the actual prejudice suffered by Mr. Llanos Martinez in preparing his defense requires dismissal of the indictment.

## CONCLUSION

For the foregoing reasons, the government should be barred from prosecuting Mr. Llanos Martinez, under principles of fundamental fairness and due process. There cannot be an investigative reason for the delay, and the harm to Mr. Llanos Martinez's ability to defend himself is real and material. Therefore, the defense respectfully requests that this Court dismiss the indictment.

\* \* \*

The defense submits that an evidentiary hearing on this motion is likely to be necessary. However, because some of the facts that would support this motion remain unresolved as long as discovery is outstanding, the defense respectfully requests that this Court postpone a hearing on this motion until June 29, 2018, following the close of discovery.

          Respectfully submitted,

          PABLO MARIN LLANOS MARTINEZ

          By Counsel,
          Geremy C. Kamens
          Federal Public Defender

By:   /s/ Cadence Mertz

          Cadence Mertz
          Va. Bar No. 89750
          Assistant Federal Public Defender
          Office of the Federal Public Defender
          1650 King St, Suite 500
          Alexandria, VA 22314
          (703) 600-0840 (T)
          (703) 600-0880 (F)
          Cadence_Mertz@fd.org

          Noah P Sullivan
          Va. Bar. No. 82698
          Katherine M. Golden
          Va. Bar No. 89104
          GIBSON, DUNN & CRUTCHER LLP
          1050 Connecticut Avenue, NW
          Washington, DC 20036
          (202) 955-8500 (T)
          nsullivan@gibsondunn.com
          kgolden@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I filed the foregoing document electronically through the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

A courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of this filing.

/s/ Noah P. Sullivan
Noah P. Sullivan
Va. Bar. No. 82698
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 955-8500
nsullivan@gibsondunn.com