IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:18-CR-216 |
| | ) | |
| PABELO MARIN LLANOS MARTINEZ | ) | Hon. Claude M. Hilton |
| | ) | |
| Defendant. | ) | Trial Date: July 2, 2018 |
| | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EXPERT TESTIMONY

COMES NOW the United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, Raizza Ty, Special Assistant United States Attorney (LT), and Ronald L. Walutes, Jr., Assistant United States Attorney, and respectfully notes that Salomon K. Biratu and Taeho Jinn are fact witnesses who will not be qualified as experts.   The only witness who will be qualified as an expert by the government is Kenneth M. Woods, the fingerprint expert.

1.  Salomon K. Biratu, who approved the defendant's N400 application to become a United States citizen and Taeho Jinn, the immigration official who accepted the defendant's N445 before permitting him to take the oath of citizenship in this courthouse will testify as fact witnesses.   The government will not qualify either as an expert witness.

2.  Rule 701 permits lay witnesses to offer testimony if it is based on experience and is helpful to the trier of fact.   FED. R. EVID. 701. *See United States v. Fowler*, 932 F.2d 306 (4th Cir. 1991) (Department of Defense officials allowed to give a lay opinion, under FED. R. EVID.

1

701, that a person with the defendant's experience in the department would know the rules governing sensitive material).

3. Kenneth M. Woods is a fingerprint expert who prepared a written report matching the defendant's prints to the criminal conduct. He is an expert in fingerprint analysis and absent a stipulation, his testimony is relevant to link the defendant's A file and criminal file. As the Fourth Circuit explained in *Crisp*, a trial judge "need not expend scarce judicial resources reexamining a familiar form of expertise every time opinion evidence is offered." *United States v. Crisp*, 324 F.3d 261, 268 (4th Cir. 2003). Fingerprint analysis is a "familiar form of expertise," widely accepted by the judiciary as reliable. *Crisp*, 324 F.3d at 268-69. The court is acting "well within its direction" when it accepts, at face value, the consensus of the "expert and judicial communities that fingerprint identification technique is reliable." *Crisp*, 324 F.3d at 269. Woods' testimony based on a widely accepted fingerprint analysis technique and is reliable.

4. The defendant, argues that the government's Rule 16 disclosures regarding Woods' testimony are insufficient. Rule 16 expert testimony disclosures are intended to give the opposing party adequate notice and opportunity to prepare for cross examination. *See* FED. R. CRIM. P. 16 advisory committee's note to 1993 Amendment ("The amendment is intended to minimize surprise . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony. . ."). A disclosure made pursuant to a Rule 16(a)(1)(G) does not need to be viewed in isolation. *See United States v. Verges*, No. 1:13cr222, 2014 WL 559573 (E.D. Va. Feb. 12, 2014) (finding that the government's initial disclosure and subsequent addendums were sufficient to satisfy Rule 16 requirements). Here, the government has disclosed Woods'

2

qualifications and anticipated testimony in addition *to* his written report of his examinations of the defendant's prints in the case. The defense has adequate notice of the testimony, the bases for that testimony, and has the opportunity to test the merit of the testimony.

    WHEREFORE, the government asks this Court to permit the testimony of a fingerprint expert unless the defendant stipulates to the fact that he is the same person who was committing crimes and offenses in Arlington County, Virginia for which he had been arrested and for which he had not then been arrested.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:       /s/
Ronald L. Walutes, Jr.,
Assistant United States Attorney
Raizza Ty
Special Assistant United States Attorney (LT)

<u>CERTIFICATE OF SERVICE</u>

      I certify that I electronically filed the foregoing Motion using the CM/ECF system, which will send a notification of such filing (NEF) on June 27, 2018, to the counsel of record.

                                              /s/
                                   Ronald L. Walutes, Jr.
                                   Virginia Bar number 26312
                                   Assistant United States Attorney
                                   United States Attorney's Office
                                   Justin W. Williams U.S. Attorney's Building
                                   2100 Jamieson Avenue
                                   Alexandria, VA 22314-5794
                                   Phone:   703-299-3700
                                   Fax: 703-739-9556
                                   Email Address: Ron.Walutes@usdoj.gov