IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:18-CR-216 |
| | ) | |
| v. | ) | Hon. Claude M. Hilton |
| | ) | |
| PABELO MARIN LLANOS MARTINEZ, | ) | Trial Date: July 2, 2018 |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SECOND MOTION TO DISMISS AND TO COMPEL DISCOVERY

COMES NOW the United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, Raizza Ty, Special Assistant United States Attorney (LT), and Ronald L. Walutes, Jr., Assistant United States Attorney, and respectfully requests the Court deny defense's second motion to dismiss the indictment and to compel discovery. The trial in this case will focus on the form and whether the defendant committed naturalization fraud when he failed to disclose both his criminal activity and his arrest before being permitted to take the oath of citizenship.

1. The defendant, Pablo Marin Llanos Martinez, is charged in a single count indictment with the Unlawful Procurement of Citizenship or Naturalization. Today, the Grand Jury has returned a superseding indictment to make clear that this defendant had been **both** arrested for a criminal offense before being sworn in on November 20, 2008, **and** committed additional criminal offenses for which he had not yet been arrested. Accordingly, regardless which portion of the compound question 3 on the N-445 form he answered, both should have been answered yes.

2. On May 24, 2018, the defendant received in discovery his complete A file and the

1

criminal convictions and arrest reports for both the arrest **and** the criminal conduct for which he had not yet been arrested as identified in the superseding indictment. With the superseding indictment, it is clear this defendant could not truthfully make a "no" response to question 3. The discovery provided to this defendant has always identified the dates of offense (before the November 20, 2008 naturalization) and the relevant dates of arrest (both before and after naturalization). The defendant could not answer question 3 in the negative truthfully under any understanding of the question.

3. The defendant cites *United States v. Rendon-Marquez*, 79 F.Supp.2d 1361 (N.D. Ga. 1999) in which the district court held that the defendant could not be convicted for making a false statement on Form N-445 where he could truthfully answer "no" to the first part of question 3. However, unlike that case, the defendant before this Court was obligated to answer in the affirmative to both parts of question 3. He (1) committed two offenses on different dates for which he had not yet been arrested at the time of completing this form on November 20, 2008 (but for which he would later be convicted of in Arlington County Circuit Court) and (2) had also been arrested for a third offense prior to completing the form. Even if the compound question had been presented as two separate questions, the defendant would have been obligated to answer in the affirmative to both questions. Accordingly, *Rendon-Marquez* does not address this case.

PAPERWORK REDUCTION ACT

4. The defendant further argues that the use of an "expired government form is unlawful under the Paperwork Reduction Act (PRA)" and that the PRA provides a complete statutory defense to the charge. The defense reads the PRA too broadly. The PRA is primarily designed to reduce the burden of onerous paperwork requirements imposed by the federal government on

private business. 44 U.S.C. § 3501. It is designed to "reign in agency activity," not to "provide criminals with an all-purpose escape hatch." *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991) (holding that a failure of the Internal Revenue Service to comply with the PRA did not prevent the defendant from facing criminal penalties). The PRA is a complete defense where an individual fails to comply with a collection of information where the collection does not conform to the requirements of the PRA. 44 U.S.C. § 3512. Here, the defendant is prosecuted for providing a false statement in order to unlawfully procure naturalization, a violation of a statutory obligation. He is not facing a penalty pursuant to an administrative process stemming from a failure to comply with an agency action. The PRA provides no defense to the criminal charges in this case. *See also United States v. Amundsen*, 967 F. 2d 592, at *1 (9th Cir. 1992) (holding that the PRA provided no defense in a criminal prosecution for making and filing false tax returns); *United States v. Neff*, 954 F.2d 698, 699-700 (11th Cir. 1992).

5. The issue at trial is whether this defendant lied to the United States Citizenship and Immigration Services so as to be permitted to take the oath of citizenship at his naturalization ceremony in this courthouse. What form was used or even whether the defendant was orally or in writing asked whether he had any criminal activity since his application was approved is irrelevant. What is relevant is whether the defendant lied in order to be permitted to be naturalized. The jury will resolve this single issue at trial. *See e.g.*, *United States v. El Sayed*, 470 Fed. Appx. 491 (6th Cir. 2012) (affirming a jury determination that, based on the evidence presented at trial, the defendant provided false information on his Form N-445 to procure naturalization).

6. The defendant has apparently misused FOIA requests to seek criminal discovery, but

the state and federal agencies to whom he directed his requests responded without objection. *See United States v. Murdoch*, 548 F.2d 599, 602 (5th Cir. 1977 ("Although information obtained through FOIA may be useful in a criminal trial, we find that FOIA was not intended as a device to…enlarge the scope of discovery"). The government has provided in discovery what material it has, a production that was broad enough to provide the defendant with his arrest dates surrounding his naturalization ceremony. The additional discovery they received recently was simply the same A file with a new records custodian signature because the original custodian was unavailable for trial on July 2, 2018. They use this supplementary production to suggest to the Court that the government is acting in bad faith, an assertion without merit.[1]

KNOWLEDGE

7. The defendant repeatedly argues that the government knew about the defendant's criminal records and points to the biometric data available on the government's criminal computer databases. This assertion is misleading. The USCIS witnesses will testify they had no knowledge of the defendant's criminal activity after he was approved to receive citizenship in July 2008. The receipt of arrest and conviction data in the government's law enforcement computers is not knowledge. USCIS does not monitor naturalized United States citizens after they take the oath. Naturalized citizens are treated the same as all citizens. It was not until the immigration enforcement agent noticed criminal activity that an investigation was begun by law enforcement. But the USCIS was not aware of the criminal activity until contacted in preparation for this case.

---

1 In the last two days the government has obtained additional law enforcement database information confirming the arrest dates provided in the earlier discovery which will be produced today. This material does not change the relevant dates in the original certified court records provided in discovery in May 2018.

The argument that the government knew based on computers is misleading and will be objected to at trial.

MOTION TO COMPEL FURTHER DISCOVERY

8. The defendant demands records relating to the split of question 3 into two parts. This request is based on forms the defense themselves have obtained  Presumably the change, which apparently occurred in 2003, was in response to the *Rendon-Marquez* decision in 1999, allowing time for its review by the Eleventh Circuit and then for the government to alter the form. Any such documents, if they even exist, do not help this defendant. The defendant lied when he represented his criminal history. Additional discovery related to subsequent changes to Form N-445 would not be helpful to the defendant's defense where the defendant would be required to answer in the affirmative to the compound question presented or, in the alternative, to the split version of question 3. The defense is not entitled to engage in a "general fishing expedition" for evidence. *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010). The defendant's motion to compel should be denied. The jury will judge this case based on the form used in this case.

WHEREFORE, the government respectfully requests that the Court deny the defense's second motion to dismiss the indictment and to compel a historical review of any changes to the government's form where the issue at trial is the form that was in fact used.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

By: _____/s/_____
    Ronald L. Walutes, Jr.,
    Assistant United States Attorney
    Raizza Ty
    Special Assistant United States Attorney (LT)

CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing Motion using the CM/ECF system, which will send a notification of such filing (NEF) on June 27, 2018, to the counsel of record.

                              /s/
                       Ronald L. Walutes, Jr.
                       Virginia Bar number 26312
                       Assistant United States Attorney
                       United States Attorney's Office
                       Justin W. Williams U.S. Attorney's Building
                       2100 Jamieson Avenue
                       Alexandria, VA 22314-5794
                       Phone:   703-299-3700
                       Fax: 703-739-9556
                       Email Address: Ron.Walutes@usdoj.gov