IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division


FILED
IN OPEN COURT
JUN 27 2018

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:18-CR-216 |
| v. | Count 1: Unlawful Procurement of Citizenship or Naturalization (18 U.S.C. § 1425(a)) |
| PABLO MARIN LLANOS MARTINEZ, a/k/a "Pablo Marin Llanos," a/k/a "Pablo Marin Llanos-Martinez," a/k/a "Pablo Marvin Llanos-Martinez," | Forfeiture Notice |
| Defendant. | |

## **SUPERSEDING INDICTMENT**

**June 2018 Term – at Alexandria, Virginia**

THE GRAND JURY CHARGES THAT:

**General Allegations**

At times relevant to this Indictment:

1. The Department of Homeland Security ("DHS") was an agency of the executive branch of the government of the United States that was responsible for, among other things, processing applications for immigration to the United States.

2. United States Citizenship and Immigration Services ("USCIS") was an agency within DHS that assisted in administering immigration laws, including, processing applications for naturalization.

3. Naturalization was the process by which a foreign citizen or national can become a United States citizen, if qualified. The Application for Naturalization ("Form N-400") and the Notice of Naturalization Oath Ceremony ("Form N-445") were promulgated by USCIS. A

1

primary purpose of the N-400 application, the naturalization interview, and the N-445 questionnaire is to assess whether the applicant possesses Good Moral Character ("GMC"), a statutory requirement for naturalization. Failure to provide any or all of the requested information may result in a denial of the application for naturalization.

4. On or about April 16, 1999, PABLO MARIN LLANOS MARTINEZ ("LLANOS MARTINEZ"), a native of Bolivia, was admitted to the United States as a lawful permanent resident ("LPR").

5. On or about June 15, 2007, LLANOS MARTINEZ completed and signed his Form N-400 Application for Naturalization, affirming under penalty of perjury under the laws of the United States that his application and the evidence submitted with it were all true and correct.

6. On or about June 18, 2007, LLANOS MARTINEZ filed his Form N-400 with the USCIS office located in Fairfax, Virginia, which is in the Eastern District of Virginia.

7. On or about July 12, 2008, LLANOS MARTINEZ was placed under oath by USCIS and interviewed regarding his Form N-400. During the interview, LLANOS MARTINEZ made corrections to his application, including, but not limited to questions related to Part 10.D. Good Moral Character. LLANOS MARTINEZ signed the Form N-400 once again on that date affirming the information on the application, including the changes, were true and correct. USCIS approved LLANOS MARTINEZ's Form N-400 that same day.

8. On or about September 18, 2008, LLANOS MARTINEZ was scheduled to take the oath of citizenship. This is a required step in obtaining citizenship, however, LLANOS MARTINEZ failed to appear for his citizenship oath ceremony with USCIS.

9. On or about September 20, 2008, LLANOS MARTINEZ had broken the window of a vehicle in Arlington, Virginia. He was later arrested for the offense of misdemeanor Destruction of Property in and around January or in and around February 2009.

10. On or about September 26, 2008, LLANOS MARTINEZ had stolen two wheels and tires from a vehicle in Arlington, Virginia. He was later arrested for the offense of misdemeanor Destruction of Property and felony Grand Larceny in and around January or in and around February 2009.

11. On or about September 28, 2008, LLANOS MARTINEZ was arrested and charged in Arlington, Virginia with, among other offenses, felony attempted Grand Larceny and Grand Larceny, which, if convicted, would have made LLANOS MARTINEZ statutorily ineligible for naturalization.

12. On November 20, 2008, LLANOS MARTINEZ appeared for his rescheduled oath ceremony at the U.S. District Court for the Eastern District of Virginia, Alexandria Division. He submitted to USCIS the Form N-445, which instructed applicants for naturalization to truthfully complete questions that referred to the time period *after* the date the applicant was first interviewed on the Form N-400; in this case, the period after July 12, 2008 up through and including November 20, 2008. Specifically, Question 3 asked, "Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations?" to which LLANOS MARTINEZ falsely responded, "No."

13. That same day, LLANOS MARTINEZ signed the Form N-445, certifying that each of the answers shown above were made by him or at his direction, and that they were true and correct.

14. On or about November 20, 2008, LLANOS MARTINEZ took the oath of allegiance and was admitted as a United States citizen. He was issued Certificate of Naturalization No. 32079751 under the name "Pablo Marin Llanos."

## COUNT ONE

(Unlawful procurement of naturalization)

THE GRAND JURY CHARGES THAT:

15. Paragraphs 1 through 14 of the General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

16. On or about November 20, 2008, within the Eastern District of Virginia, the defendant, PABLO MARIN LLANOS MARTINEZ, knowingly procured and attempted to procure, contrary to law, his own naturalization, when he provided false and fraudulent statements as to material facts during the naturalization process, to wit: falsely answering "no" to Question 3 of the Form N-445 (Notice of Naturalization Oath Ceremony), which asked whether, since the time of his naturalization interview on July 12, 2008, he had knowingly committed any crime or offense for which he had not been arrested; or had been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance. In fact, PABLO MARIN LLANOS MARTINEZ had knowingly committed both a crime or offense for which he had not yet been arrested -- on or about September 20, 2008 and again on or about September 26, 2008, and had been arrested for a third crime or offense on or about September 28, 2008.

(In violation of Title 18, United States Code, Section 1425(a).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE AS DESCRIBED BELOW:

Pursuant to Rule 32.2(a), the defendant is hereby notified that if convicted of the naturalization fraud alleged in Count One, above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any property, real or personal, that constitutes or is derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offense and any property used to facilitate or intended to be used to facilitate the offense. The property forfeited includes, but is not limited to, any immigration fraud related asset that the defendant owns or over which the defendant exercised control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of, facilitating property, or property involved in the offense, including, but limited to, any original or copy of the Certificate of Naturalization No. 32079751 and United States passport(s).

(All pursuant to Fed. R. Crim. P. 32.2(a) and Title 18, United States Code, Section 982(a)(6).)

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____          _____
DATE                            FOREPERSON

G. Zachary Terwilliger
United States Attorney

By: _____
Raizza K. Ty
Special Assistant United States Attorney (LT)
Ronald J. Walutes, Jr.
Assistant United States Attorney

6