IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:18-CR-216 |
| | ) | |
| PABLO MARIN LLANOS MARTINEZ, | ) | Hon. Claude M. Hilton |
| | ) | |
| | ) | Trial: July 2, 2018 |
| Defendant. | ) | |

### RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE EXPERT

In its motion to exclude Mr. Ragland's testimony, ("Government's Motion"), the government boldly claims that a person should be deprived of his liberty and citizenship in a summary trial lasting "less than two hours," without the aid of any testimony from an experienced expert witness on a complex element of the charged offense. According to the government, no one but the government itself is an expert on such topics. The government's arguments in support of its motion go to weight, not admissibility, and its motion should be denied.

### ARGUMENT

**I. EXPERT TESTIMONY IS *REQUIRED* IN THIS CASE.**

The government's own expert disclosures, as opaque as they were, admit the need for expert testimony in this case.[1] Fundamentally, this case comes down to (1) falsity, (2) intent, and (3) materiality, all related to the unlawful version of Form N-

---

[1] The Court has pending a motion to exclude these experts pursuant to Rule 16 and this Court's discovery order. *See* Dkt. No. 37.

445 CIS collected from Mr. Llanos Martinez on November 20, 2008. Particularly with respect to materiality and intent, the facts in this case turn on a question of immigration law.

As the Supreme Court made clear in *Maslenjak v. United States*, materiality centers around whether the alleged false statement pertained to matters "which would have justified denying naturalization or would predictably have led to other facts warranting that result." 137 S. Ct. 1918, 1923 (2017). The government does not allege, nor could it, that the defendant had any disqualifying convictions as of November 20, 2008, because he did not; and there is no basis in statute or regulation to deny citizenship based on an arrest alone. Thus, the issue of materiality is murky at best and must be determined by the jury and proven beyond a reasonable doubt with respect to immigration law, policy, and procedure *in 2008, not 2018*. That is why the government has itself offered two experts on these topics.[2] Without such experts, it is unclear how the government could even get its case to the jury.

The issue of materiality *requires* "specialized knowledge" related to immigration law, policy, and procedure, within the scope of Rule 702. *See* FRE 701 (lay opinion testimony is not permitted if "based on . . . specialized knowledge within

---

[2]The government itself proffered two experts to testify about immigration law, policy, and procedure. The government intends to have Dr. Biratu testify "about the eligibility requirements and process for applicants seeking naturalization"; about "the purpose and materiality of questions and responses related to good moral character," which is a statutory criteria for citizenship; and applying his opinion, as an "Adjudications Officer" based on any "review of Mr. Llanos Martinez's immigration file and criminal history." Officer Jinn will be called to testify about "eligibility requirements" for naturalization and the "materiality of alleged misstatements by Mr. Llanos Martinez" on the unlawful Form N-445. *See* Dkt. No. 37, Ex. 1.

2

the scope of Rule 702"). Mr. Ragland is being tendered to speak, largely, to the very same issues, not to make legal conclusions, and so his testimony is relevant and admissible. It will be helpful to the jury in sorting out the complex immigration issues which the jury must apply to determine the factual issue of materiality in this case.

II. **MR. RAGLAND IS QUALIFIED TO OPINE ON ISSUES OF IMMIGRATION LAW, POLICY, AND PROCEDURE**

Immigration law, policy, and procedure have been Mr. Ragland's specific practice for over 20 years. He was admitted to the United States Attorney General's Honor Program after law school. He worked for more than 10 years for the Department of Justice, working at the Boston Immigration Court, the Board of Immigration Appeals, and as a litigator in federal court. He advised immigration judges, administrative appeal judges, and defended Board of Immigration Appeals decisions in the United States Courts of Appeals for years. In private practice, he has represented clients before CIS and Immigration and Customs Enforcement ("ICE") and within the very administrative process and procedure conducted by CIS and ICE that is at issue in this case, as well as litigating such cases in federal court. He has published learned treatises on the topic and received national awards for his expertise. This case turns in part on the administrative process of naturalization. A nationally-recognized lawyer who advised immigration judges on deciding immigration cases and who has for years practiced in immigration law, policy, and procedure before CIS, ICE, other agencies, and the federal courts is qualified to offer expert opinions on the proffered topics.

## III. THE GOVERNMENT'S OTHER OBJECTIONS LACK MERIT

With these core points established, the government's other arguments can be quickly dismissed:

1. The government contends that only CIS or ICE employees can be experts on immigration law, policy, and procedure. Government's Motion, Dkt. No. 33 ¶¶ 5, 8, and 10. The government offers no legal support for this assertion because none exists. Rule 702 requires specialized knowledge, which can be obtained from professional experience, observation, study, and interaction with the relevant material just as well as in any other field of study.

2. The out-of-circuit cases cited by the government are inapposite. *Id.* ¶ 7. *Cicero v. Borg-Warner Automotive, Inc.*, 163 F. Supp. 2d 743 (E.D. Mich. 2001) involved a purely legal dispute over attorney's fees, not a jury issue on a complicated area of law. *United States v. Gallion*, 257 F.R.D. 141 (E.D. Ky. 2009) similarly involved legal opinions that the court determined were incorrect as a matter of law, which formed much of the basis for the court's excluding the testimony.

3. The government contends that no opinions related to immigration law are admissible. *Id.* ¶ 9. Mr. Ragland will not be offering legal conclusions, simply elucidating a complex and unfamiliar area of law and policy that goes both to materiality and intent. Where an essential element of the case turns on a complex regulatory scheme such as the immigration system, courts routinely admit experts to assist the jury. *See United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) ("when the legal regime is complex and the judge determines that the witness' testimony would be helpful in explaining it to the jury, the testimony may be admitted").

Indeed, the government's attempt to impugn Mr. Ragland's expertise by citing to the Fourth Circuit's reversal in *United States v. Lopez-Collazo*, 824 F.3d 453 (4th Cir. 2015) actually undermines its own position. There, the District Court stated that Mr. Ragland is "an expert with impressive credentials in the field of immigration law and practice" and readily admitted him as an expert witness. *United States v. Lopez-Collazo*, 105 F. Supp. 3d 497, 507 (D. Md. 2015). Despite what the government may attempt to imply, the Fourth Circuit neither disagreed with Mr. Ragland's expertise nor addressed the propriety of his expert testimony.

4. The government contends that Mr. Ragland demonstrated a lack of knowledge by asserting that the Form N-445 was "not generally administered by an immigration official." Dkt. No. 33 ¶ 11 (quoting Ragland Expert Disclosure). The government then erroneously stated that "[i]n this case, the form was witnessed by an immigration official who signed it after the defendant." *Id.* First, the Form N-445 was not witnessed: a separate form related to Mr. Llanos Martinez's Alien Registration Card was. Second, Mr. Ragland's statement is true: the Form N-445, unlike the N-400 process, is not generally administered by an immigration official, whether through oral interview or oath.

5. The government contends that the "notice is argument." *Id.* ¶ 12. It is unclear what legal basis this asserts, but the fact that the government disagrees with Mr. Ragland's opinions is no legal basis for excluding them.

6. The government finally suggests that the only issue in this case is whether Mr. Llanos Martinez's statement on the Form N-445 was false. *Id.* ¶ 13. The Supreme

Court, Congress, and apparently the government itself do not agree. *See Maslenjak*, 137 S.Ct. at 1921; 18 U.S.C. § 1425(a); Dkt. No. 39 at 7 (Government's Proposed Jury Instructions) (citing four elements of the offense).

## CONCLUSION

The government presents no sound legal basis for excluding Mr. Ragland's testimony. Its arguments, at most, go to weight and not admissibility. We therefore respectfully ask that the Court deny the government's motion.

Respectfully submitted,

PABLO MARIN LLANOS MARTINEZ

By Counsel,
Geremy C. Kamens
Federal Public Defender


By: /s/ Noah P. Sullivan

Cadence Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King St, Suite 500
Alexandria, VA 22314
(703) 600-0840 (T)
(703) 600-0880 (F)
Cadence_Mertz@fd.org

Noah P Sullivan
Va. Bar. No. 82698
Katherine M. Golden
Va. Bar No. 89104
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500 (T)
nsullivan@gibsondunn.com
kgolden@gibsondunn.com

## CERTIFICATE OF SERVICE

       I hereby certify that on June 27, 2018, I filed the foregoing document electronically through the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

       A courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of this filing.

/s/ Noah P. Sullivan
Noah P. Sullivan
Va. Bar. No. 82698
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 955-8500
nsullivan@gibsondunn.com